UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MCCULLOUGH CONSTRUCTION CO., INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CAUSE NO. 1:09-cv-368-WTL-JMS ) |
| GARDNER DENVER, INC., | ) ) |
| Defendant. | ) |

## ENTRY ON MOTIONS FOR SUMMARY JUDGMENT

The parties to this action, Plaintiff McCullough Construction Co., Inc., ("McCullough") and Defendant Gardner Denver, Inc., ("GDI") have stipulated the relevant facts and each has filed a motion for summary judgment. The motions are fully briefed and the Court, being duly advised, **GRANTS** the Defendant's motion and **DENIES** the Plaintiff's motion for the reasons set forth below.  In addition, the Plaintiff's motion for hearing is **DENIED**, as the relevant issues have been fully discussed in the parties' briefs.

## STIPULATED FACTS

The parties have stipulated to the following facts and have not identified any material facts that are in dispute.

1. McCullough is a construction contractor doing business in Indiana.

2. McCullough contracted with Kobra Properties, Inc. ("Kobra") to perform improvements to space leased and occupied by GDI (the "demised premises") located at 8700 Roberts Drive, Fishers, Hamilton County, Indiana.

3. GDI was not a party to the contract between McCullough and Kobra.

4. The amount of McCullough's contract with Kobra was for $77,306.

5. McCullough fully performed its contract with Kobra, but Kobra failed and refused to pay McCullough $77,306.

6. Kobra filed bankruptcy on November 25, 2008, and the bankruptcy remains pending in the United States Bankruptcy Court for the Eastern District of California, case no. 08-BK-37271.

7. GDI had a lease agreement with Kobra for the demised premises. Under Article IX of the lease agreement between GDI and Kobra dated February 5, 2008, Kobra was responsible for certain work on the demised premises, as described in Exhibit B of that lease agreement. Kobra retained McCullough to perform certain portions of this work pursuant to the terms of the contract described in paragraph 2 above.

8. Under the terms of the lease agreement between GDI and Kobra dated February 5, 2008, GDI was required to make monthly lease payments to Kobra for the use of the demised premises.

9. Pursuant to GDI's lease agreement with Kobra, the cost of the improvements described in paragraph 7 above was factored in as part of the overall rent charges agreed to between GDI and Kobra.

10. Pursuant to GDI' s lease with Kobra, there remains more than $77,306 to be paid on the lease.

11. On January 7, 2009, McCullough served GDI with its notice of personal liability.

12. Since receipt of McCullough's personal liability notice, GDI has paid Kobra at least $243,945.

13. Since GDI's receipt of McCullough's personal liability notice, GDI has paid no sums

to McCullough.

## DISCUSSION

McCullough advances two theories under which it believes GDI should be required to pay it the money it is owed by Kobra. Both parties now seek summary judgment on Count Two of McCullough's complaint, in which it alleges that GDI is liable to it pursuant to Indiana Code 32-28-3-9. That statute provides, in relevant part:

(a) This section applies to a:

    (1) subcontractor;

    (2) lessor leasing construction and other equipment and tools, regardless of whether an operator is also provided by the lessor;

    (3) journeyman; or

    (4) laborer;

employed or leasing any equipment or tools used by the lessee in erecting, altering, repairing, or removing any house, mill, manufactory or other building, or bridge, reservoir, system of waterworks, or other structure or earth moving, or in furnishing any material or machinery for these activities.

(b) Except as provided in section 12 of this chapter, in order to acquire and hold a lien, a person described in subsection (a) must give to the property owner, or if the property owner is absent, to the property owner's agent, written notice particularly setting forth the amount of the person's claim and services rendered for which:

    (1) the person's employer or lessee is indebted to the person; and

    (2) the person holds the property owner responsible.

(c) Subject to subsections (d) and (e), the property owner is liable for the person's claim.

(d) The property owner is liable to a person described in subsection (a) for not more than the amount that is due and may later become due from the owner to the employer or lessee.

(e) A person described in subsection (a) may recover the amount of the person's claim if,

>after the amounts of other claims that have priority are subtracted from the amount due from the property owner to the employer or lessee, the remainder of the amount due from the property owner to the employer or lessee is sufficient to pay the amount of the person's claim.

Ind. Code 32-28-3-9.

McCullough asserts that the notice of personal liability it served on GDI satisfied subsection (b) of this statute and therefore GDI is liable to it pursuant to subsection (c). "The first and often the last step in interpreting a statute is to examine the language of the statute. When confronted with an unambiguous statute, we do not apply any rules of statutory construction other than to give the words and phrases of the statute their plain, ordinary, and usual meaning." *MicroVote General Corp. v. Indiana Election Com'n,* 924 N.E.2d 184, 201 (Ind. App. 2010). In this case, GDI correctly argues that the plain language of the statute forecloses McCullough's claim against it. The statute plainly and unambiguously provides for the liability of a "property owner"; GDI is not a property owner, but rather is a lessee of the property. There is simply no way to stretch the term "property owner" to make it apply to GDI. This is especially true in light of the fact that "mechanic's lien statutes, such as Ind.Code § 32-8-3-9, are purely statutory creations and are in derogation of common law, [and therefore] their provisions must be strictly construed." *SLR Plumbing & Sewer, Inc. v. Turk*, 757 N.E.2d 193, 199 (Ind. App. 2001). Because GDI does not own the property in question, Ind. Code 32-28-3-9 is inapplicable to it, and GDI is entitled to summary judgment on Count Two of McCullough's complaint.

GDI also seeks summary In Count One of its complaint, McCullough asserts a claim for quantum meruit. Under Indiana law, "'[a] party seeking to recover on a theory of quantum meruit must demonstrate that a benefit was rendered to another at the express or implied request

4

of such other party." *Kelly v. Levandoski*, 825 N.E.2d 850, 861 (Ind. App. 2005) (citing *SLR Plumbing & Sewer, Inc. v. Turk*, 757 N.E.2d 193 (Ind. App.2001)). In addition, "a plaintiff must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust." *Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind. 1991). McCullough's claim fails in both respects.

    First, there is no evidence that GDI ever expressly or impliedly promised to pay McCullough for their work or that McCullough expected to be paid by GDI instead of by Kobra. On this issue the *Turk* case is analogous to the instant case. The Turks contracted with a general contractor to build a home. The general contractor hired a subcontractor to do plumbing work. After the house was completed and the Turks took possession of it, the subcontractor, alleging it had not been paid in full, filed suit against the contractor for breach of contract and against the Turks asserting a quantum meruit claim. The Indiana Court of Appeals upheld the trial court's granting of summary judgment in favor of the Turks, finding, *inter alia*, that the Turks had never expressly or impliedly promised to pay the subcontractor for its work; rather, the subcontractor had contracted with–and expected to be paid by–the general contractor. *Turk*, 757 N.E.2d at 200. Similarly, in this case it was Kobra, not GDI, that contracted with and promised to pay McCullough. The fact that GDI negotiated with Kobra for the improvements to be done as part of its lease agreement with Kobra is simply not sufficient to make GDI liable to McCullough under a quantum meruit theory. If it were then the Turks, who contracted with their general contractor to build their house–and who even made changes to the plumbing specifications during the building process–would have been liable to the plumbing subcontractor under the

same theory.

In addition, while it is unfortunate for McCullough that it has not been paid, this is not a case in which the defendant is unjustly reaping the benefits of the plaintiff's labors without paying for them. Rather, GDI is paying for the improvements to the leased property as part of the negotiated rent it is paying to Kobra. The equitable remedy of quantum meruit is simply not available to McCullough under these circumstances, and GDI is entitled to summary judgment on that claim as well.

## CONCLUSION

For the reasons set forth above, GDI's motion for summary judgment is **GRANTED** and McCullough's motion for summary judgment is **DENIED**, as is McCullough's motion for hearing on its motion.

SO ORDERED: 05/06/2010

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Michael L. Einterz
EINTERZ & EINTERZ
einterzfirm@aol.com

Norman T. Funk
HILL FULWIDER MCDOWELL FUNK & MATTHEWS
tom@hfmfm.com

Brett K. Gorman
SCHIEDESKAMP ROBERTSON NEU & MITCHELL, LLP
bgorman@srnm.com